IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTOINE FREEMAN,

    Petitioner,

v.                          CIVIL ACTION NO. 1:05cv56
                                (Judge Keeley)

KEVIN J. WENDT,

    Respondent.

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Background

On March 24, 2005, pro se petitioner Antoine Freeman ("Freeman"), an inmate at FCI Gilmer, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Freeman is serving consecutive sentences totaling 73 months of incarceration. Specifically, in March of 2003, Freeman was sentenced to three years of imprisonment for a second degree burglary. Later, in January of 2004, Freeman was sentenced to 37 months of imprisonment for unlawful possession of a firearm. He claims that the BOP improperly calculated his good conduct time ("GCT") by basing its calculation on his time served instead of his term of imprisonment. Based on the sentence imposed, Freeman contends that he is entitled 328 days of GCT instead of the 286 days as determined by the BOP.

The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation Procedure 83.09.

FREEMAN v. U.S.                                                  1:05cv56

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On July 25, 2005, Magistrate Judge Kaull issued a Report and Recommendation, concluding that Freeman was entitled to no habeas relief. The magistrate judge stated that 18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good conduct credits, and the BOP has set forth the formula it uses to determine good conduct time in the Bureau of Prisons Program Statement 5880.28. Relying on the recent holding in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. June 17, 2005), Magistrate Judge Kaull concluded that the BOP properly calculated the petitioner's GCT based on time served instead of the sentence imposed.

On August 3, 2005, Freeman timely filed several objections to the Report and Recommendation, which he contends that a time served construction of 18 U.S.C. §3624 becomes less plausible when the statute is read as a whole. Freeman also asserts that Congress also uses "term of imprisonment" in section 3624 and in other statutes when referencing "sentence imposed." He also argues that, if the Court finds the statute if ambiguous, it must also apply the rule of lenity and construe the ambiguous statute in his favor.

With respect to Freeman's 36-month and 37-month consecutive sentences, he states that a single year sentence is significantly different from a multi-year sentence in calculating GCT. He further

argues that the Magistrate Judge's interpretation of section 3624 effectively repeals the statute by implication. For these reasons, Freeman asserts that the BOP incorrectly in calculated his GCT based on time served instead of his total sentence imposed.

## II. Discussion

The sole issue raised by the petition is whether the BOP properly calculated Freeman's GCT based on his time served. 18 U.S.C. §3624(b). As noted earlier, the Fourth Circuit recently upheld the BOP's policy in Yi v. Federal Bureau of Prisons, holding that the "BOP has reasonably interpreted [§3624(b)] so as to require the calculation of GCT based upon the inmate's time served." 412 F.3d at 526. In Yi, the defendant was serving a 151-month sentence for his role in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962. Id. He pointed out that Congress refers to the "term of imprisonment" on three occasions in the first sentence of 18 U.S.C. §3624(b)(1) and asserted that on the first two occasions Congress clearly references the sentence imposed. Id. at 529. Thus, as Freeman does here, he argued that a specific term could not change its meaning within the same sentence to reference time served, and contended that the court must apply the rule of lenity and construe section 3624 in his favor if the statute is ambiguous. Id. at 535.

3

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Fourth Circuit stated that Yi's construction of 18 U.S.C. §3624(b) was plausible, but stated that it could not find that the statutory language unambiguously compelled only the petitioner's interpretation. Id. at 530. Rather, it concluded that awarding credit for time not served would conflict with the intent of Congress to require prisoners "earn" credit under the GCT statute for exemplary compliance with institutional disciplinary regulations during each year of their imprisonment. Id. Similarly, it found that the statute authorizes the BOP to award lesser credit, or none at all, if it determines that a prisoner has failed to comply with disciplinary regulations during a year. Id. Accordingly, the Fourth Circuit determined that the statute was ambiguous and held that the BOP's interpretation of 18 U.S.C. §3624(b), to require the calculation of GCT based upon the inmate's time served, is a reasonable one. Id. at 354.

The Fourth Circuit also found that it did not have to resort to the rule of lenity in deciding Yi because the BOP Program Statement 5880.28 provides the public with sufficient notice that GCT shall be awarded based upon time actually served; thus, no one should mistake the ambit of the law or its penalties. Id. at 535. Furthermore, the court stated that because Congress has charged the

4

**FREEMAN v. U.S.**                                         1:05cv56

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

BOP with administering 18 U.S.C. §3624, a court should defer to the agency's reasonable construction. Id.

In light of the Fourth Circuit's deference to the BOP's construction of section 3624(b), Freeman's objections to the magistrate judge's findings are unavailing. Therefore, the Court **AFFIRMS** the magistrate's judge's report and recommendation, **OVERRULES** Freeman's objections and **DISMISSES** his petition **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

DATED: October _____31_____, 2005

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
